T. V. ENGINEERS, INC., Appellant,

v.

G. Warren BOGAN, Chairman, et al., Constituting the District of Columbia Board of Registration for Professional Engineers, Appellees.

T. V. ENGINEERS, INC., Appellant,

v.

Alfred GOLDSTEIN, Superintendent of Corporations, District of Columbia, et al., Appellees.

T. V. ENGINEERS, INC., Appellant,

v.

Alfred GOLDSTEIN, Superintendent of Corporations, District of Columbia, et al., Appellees.

Nos. 15104, 15110, 15180.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 2, 1959.

Decided Dec. 10, 1959.

Mr. Hyman Nussbaum, Washington, D. C., for appellant.

Mr. Richard W. Barton, Asst. Corp. Counsel for District of Columbia, with whom Mr. Chester H. Gray, Corp. Counsel, Mr. Milton D. Korman, Principal Asst. Corp. Counsel, and Mr. Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellees. Mr. Ted D. Kuemmerling, Asst. Corp. Counsel, also entered an appearance for appellees.

Before PRETTYMAN, Chief Judge, and WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

These are three appeals arising out of two civil actions in the District Court. Our appellant sought declaratory judgments against officials of the District of Columbia government, alleging that those officials threatened criminal actions (one of which was later actually brought) against it for its manner of using the word "Engineers" in its corporate name, and in its business, in claimed violation of the Professional Engineers' Registration Act.[1] It sought an adjudication of the dispute as to the use of the name, a declaration that its use of the name was legal, and an injunction against criminal prosecution. The District Court dismissed one suit, which was against five official defendants, and granted summary judgment in the other suit in favor

1. 64 Stat. 854 (1950), D.C.Code, § 2-1801 et seq. (1951).

of the defendants, who were five other officials. Appellant now concedes the validity of the action of the court in No. 15110, which dealt with the preliminary injunction. We find no abuse of discretion in the other actions taken by the trial court. Of course we are not to be considered as intimating any expression of opinion on any issue which may come before the Municipal Court or elsewhere in respect to the merits of the case.

Affirmed.